[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 7, 1995 Date of Application April 7, 1995 Date Application Filed May 5, 1995 Date of Decision May 29, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket No. CR93-449926; CR93-448230;
Teri E. Bayer, Esq., Defense Counsel, for Petitioner.
Stephen Preleski, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
After a plea of guilty, petitioner was convicted of two counts of possession of narcotics with intent to sell by a non-drug dependent person in violation of General Statutes Section 21a-278 (b) and wilful failure to appear in the first degree in violation of General Statutes Section 53a-172.
On the narcotics count, concurrent sentences of 13 years execution suspended after eight years with five years probation were imposed. A five-year concurrent sentence was imposed on the wilful failure to appear charge. The total effective sentence was 13 years execution suspended after eight years, five years probation with conditions.
The facts underlying petitioner's conviction on the first count indicate that he was arrested after attempting to deliver 100 bags of heroin to a person at the Hartford Hospital. On the second file, petitioner was observed selling heroin at the Dutch Point Housing Project in Hartford. The police officers observed petitioner participate in five separate transactions.
Although he subsequently denied culpability, petitioner entered a plea of guilty to the wilful failure to appear charge.
Petitioner's attorney argued that the sentence imposed was unduly harsh under the circumstances. The attorney pointed out that petitioner was 16 years of age at the time of the offense. He was living at home with his mother but fell in with the company of older men who would pay him substantial sums to transport narcotics. Petitioner's activity was confined to being a courier or go between in the sale of narcotics. The attorney pointed out that petitioner was immature and seduced by the lifestyle involved in the drug business.
The attorney argued that petitioner was remorseful and fully admitted his culpability. She argued further that the judge in imposing the harsh sentence attempted to impress upon petitioner a lesson which he had already learned. It was argued that the long sentence was unnecessary and that petitioner would not be involved in such types of conduct in the future.
The state's attorney argued against any reduction in sentence. He argued that petitioner was not a drug addict and CT Page 4125-D engaged in the crime for profit. It was pointed out the petitioner was on probation at the time of these offenses. He had been given an opportunity after his previous conviction to clean up his act, however, he persisted in engaging in the same type of criminal conduct. Under the circumstances, it was argued that the sentence imposed was not excessive.
At the time of sentencing, the trial judge expressed his great concern over the fact that he had to impose sentence on a young man who was at the very lowest level of the drug business. The judge pointed out, however, that the function of petitioner in the sale of drugs was vital to that criminal commerce and that his activity served to insulate those who were more culpable and derived the greatest financial benefits from the sale of narcotics. In imposing sentence, the judge also considered the fact that petitioner was on probation for this type of conduct and the two incidents for which he was convicted here followed closely on the heels of that probation. The judge pointed out that petitioner had to accept the responsibility for his criminal activity.
In this matter, the sentencing judge was required to impose sentence on a young man who, while on probation, engaged in narcotics violations on two separate occasions.
Under the circumstances of the case, it cannot be found that the sentence was inappropriate or disproportionate and should be affirmed. Practice Book Section 942.
Sentence affirmed.
Purtill, J.
Norko, J.
Klaczak, J.
Purtill, J., Norko, J., Klaczak, J. participated in this decision.